UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENDRA J. RAUB, o/b/o H.S.J.,

                    Plaintiff,
          -vs-                          **No. 1:15-CV-00150 (MAT)**
                                        **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

_____

## I.   Introduction

Represented by counsel, Kendra J. Raub ("plaintiff") brings this action on behalf of her infant son ("H.S.J.") pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter was initially before the Court on the parties' cross motions for judgment on the pleadings.[1] The parties' motions were referred to Magistrate Judge Jeremiah J. McCarthy for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

By R&R dated January 3, 2017, Magistrate Judge McCarthy recommended that the Commissioner's motion be granted. Doc. 15.

_____

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge McCarthy for a Report and Recommendation, which was completed and filed on January 3, 2017. The case was referred to this Court by order dated January 19, 2017.

Plaintiff filed objections on January 17, 2017. Doc. 16. For the reasons set forth below, the Court overrules plaintiff's objections and adopts the R&R in its entirety.

## II. Procedural History

The record reveals that in June 2011, plaintiff applied for DIB on behalf of H.S.J. (d/o/b June 27, 2008), alleging disability as of June 7, 2011. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge William E. Straub ("the ALJ") on June 10, 2013. The ALJ issued an unfavorable decision on July 18, 2013. The Appeals Council granted review of that decision and this timely action followed.

## III. Report and Recommendation

Plaintiff's motion for judgment on the pleadings argues that (1) the ALJ failed to accurately assess H.S.J.'s visual impairment; (2) the ALJ improperly relied on "incomplete" opinions from consulting sources; (3) the ALJ failed to consider relevant listings; and (4) the ALJ's credibility assessment was erroneous. The R&R rejected plaintiff's arguments and recommended that the Commissioner's motion be granted. The R&R gives a thorough summary of the administrative record, which the Court incorporates by reference. See doc. 15 at 2-6.

## IV. Discussion

When reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[.]" Id. Plaintiff specifically objects to Judge McCarthy's conclusions that (1) the ALJ properly considered H.S.J.'s visual impairment; (2) the ALJ did not fail to develop the record by obtaining opinion evidence from treating sources; and (3) the ALJ's decision indicated that he appropriately reviewed the relevant listings. Plaintiff does not object to the R&R's finding that the credibility assessment was proper.[2]

The Court has reviewed the administrative record, and finds that Judge McCarthy's recommendations are fully supported by the record. Plaintiff's primary argument is that the ALJ failed to consider H.S.J.'s visual impairment because the ALJ characterized that impairment as a "macular disorder," whereas evidence in the record indicated that the condition was in fact nystagmus. Plaintiff argues that the ALJ failed to fully consider the visual impairment and failed to make a proper analysis of the functional limitations stemming from the impairment. However, as Judge McCarthy correctly noted, the ALJ's decision makes it clear that he considered H.S.J.'s nystagmus when reaching his disability

---

[2] "The court may adopt those portions of the R&R to which no objection is made 'as long as no clear error is apparent from the face of the record.'" Stroud v. Comm'r of Soc. Sec., 2015 WL 2137697, *1 (S.D.N.Y. May 6, 2015) (quoting Oquendo v. Colvin, 2014 WL 4160222, *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted)).

determination. See doc. 15 at 10. The Court agrees with Judge McCarthy's analysis.

The Court similarly agrees with Judge McCarthy's conclusions that the ALJ did not fail to develop the record and that he properly considered the relevant listings. As Judge McCarthy noted, although consulting examiner Dr. Joseph Prezio acknowledged that his functional assessment "need[ed] the additional input" of H.S.J.'s treating physicians, see T. 567-68, the record was complete and contained treatment notes from H.S.J.'s treating sources with regard to all of his impairments, including nystagmus. These treatment notes do not suggest greater limitations than those opined by the consulting sources or found by the ALJ.

Additionally, although the ALJ did not specifically discuss a particular listing with regard to H.S.J.'s visual impairment, plaintiff does not point to any listing which should have been more specifically considered, and there is no indication in the record that H.S.J.'s impairments met the requirements of any listing. Therefore, the Court agrees with Judge McCarthy's finding that the ALJ's decision reflects proper consideration of the listings. Finally, the Court agrees with, and therefore finds no clear error in, Judge McCarthy's finding that the ALJ appropriately considered plaintiff's credibility. Accordingly, the Court adopts the R&R in its entirety.

**V.    Conclusion**

The Court hereby adopts the R&R (doc. 15) in its entirety. For the reasons discussed in this Decision and Order as well as those set forth in the R&R, the Commissioner's motion for judgment on the pleadings (Doc. 13) is granted and plaintiff's motion (Doc. 7) is denied. Plaintiff's objections (doc. 16) are overruled. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     March 9, 2017
           Rochester, New York.